**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br>CARLOS RUBEN BERMUDEZ GONZALEZ<br>DEBTOR | CASE NO: 26-03625-MAG13<br><br>CHAPTER 13 |

# AMENDMENT COVER SHEET

Amendment(s) to the following petition, list(s), schedule (s), or statement(s) are transmitted herewith: **Pre-confirmation Amended Chapter 13 Plan dated October 8, 2026 (Puerto Rico Local Form G), amending Sections 1.3, 2.1, 3.1, 4.4, 5.1 and 8.1 of the Chapter 13 Plan dated September 7, 2026 (Docket No. 17).**

**WHEREFORE,** Debtor respectfully requests that this Amendment be accepted by this Honorable Court and that all other remedies which are proper and just be granted.

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I, hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Trustee in this case and participant creditors of CM/ECF in this case, and I hereby certify- that I have mailed by US Postal Service the document to non CM/ECF participants as stated in mailing list of creditors to their mailing address in record.

In Rincón, Puerto Rico, this 8th day of October 2026.

**FIGUEROA & ASOCIADOS LLC**
Attorneys for Debtor
P.O. Box 212
Rincón, P.R. 00677
Tel. 787-500-4517
/s/ Antoan Figueroa Hernández
**ANTOAN FIGUEROA HERNÁNDEZ**
U.S.D.C. NO. 222403
lic.figueroa@prquiebra.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In Re: **BERMUDEZ GONZALEZ, CARLOS RUBEN**<br>xxx-xx-3047<br>xxx-xx-<br>**Puerto Rico Local Form G**<br>**Chapter 13 Plan dated 10/08/2026 .** | Case No.: **26-03625-MAG13**<br>Chapter 13<br>☒ Check if this is a pre-confirmation amended plan.<br>☐ Check if this is a post confirmation amended plan<br>Proposed by:<br>☒ Debtor(s)<br>☐ Trustee<br>☐ Unsecured creditor(s)<br>☒ If this is an amended plan, list below the sections of the plan that have been changed.<br>Sections: 1.3, 2.1, 3.1, 4.4, 5.1, 8.1 |

**PART 1:** NOTICES

**To Debtors: This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| **1.1** | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ☒ Not included |
| **1.2** | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4** | ☐ Included | ☒ Not included |
| **1.3** | **Nonstandard provisions, set out in Part 8** | ☒ Included | ☐ Not included |

**PART 2:** PLAN PAYMENTS AND LENGTH OF PLAN

**2.1 Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| $615.00 | 60 | $36,900.00 | PLAN BASE = $36,900.00. Monthly payments commencing September 2026 (first payment due 30 days after the petition date), for a term of 60 months (see Part 8, ¶ 1). |
| **Subtotals** | 60 | $36,900.00 | |

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

Check all that apply.

☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☒ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment): ____________________________

**2.3 Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

**2.4 Additional payments:**

Check one.

☒ None. If “None” is checked, the rest of § 2.4 need not be completed or reproduced.

---

**PART 3:** TREATMENT OF SECURED CLAIMS

**3.1 Maintenance of payments and cure of default, if any.**

Check one.

☐ None. If “None” is checked, the rest of § 3.1 need not be completed or reproduced.

☒ The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Collateral | Current installment payment | Amount of arrearage (if any) | Interest rate on arrearage | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| POPULAR AUTO, LLC (BANCO POPULAR DE PUERTO RICO) Claim No. 4-1 | 2022 Ford F-350 VIN: 1FT8W3DTXN ED27958 | $1,388.91<br><br>Disbursed by:<br>☐ Trustee<br>☒ Debtor(s) | $11,053.04<br>(pre-petition arrearage of $8,275.22 per Claim No. 4-1, plus post-petition installments of August and September 2026, $2,777.82) | 0.00% | $184.22 | $11,053.04 |

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

Check one.

☒ None. If “None” is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

Check one.

☒ None. If “None” is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4 Lien Avoidance.**

Check one.

☒ None. If “None” is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.**

Check one.

☐ None. If “None” is checked, the rest of § 3.5 need not be completed or reproduced.

☒ The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor’s claim. The Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| COOP DE A/C DE YAUCO (YAUCOOP) | Membership shares (acciones) and deposits — Acct. No. ending 1637 — Loan No. 2025050009 — Shares pledged: $600.00 |

**3.6 Pre-confirmation adequate protection monthly payments (“APMP”) to be paid by the trustee.**

☐ Payments pursuant to 11 USC §1326(a)(1)(C):

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

**3.7 Other secured claims modifications.**

Check one.

☒ None. If “None” is checked, the rest of § 3.7 need not be completed or reproduced.

---

**PART 4:** TREATMENT OF FEES AND PRIORITY CLAIMS

**4.1 General**

Trustee’s fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee’s fees**

Trustee’s fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

**4.3 Attorney’s fees**

Check one.

☒ Flat Fee: Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

OR

☐ Fee Application: The attorneys’ fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

Attorney’s fees paid pre-petition: $4,000.00

Balance of attorney's fees to be paid under this plan are estimated to be: $0.00
If this is a post-confirmation amended plan, estimated attorney's fees: __________

**4.4 Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

Check one.

☐ None. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.
☒ The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in $21,967.78.

| **Name of priority creditor** | **Estimate amount of claim to be paid** |
|---|---|
| ADMINISTRACION PARA EL SUSTENTO DE MENORES (ASUME)<br>Domestic support obligation arrears — Case No. 0427907 — 11 U.S.C. § 507(a)(1) — Claim No. 7-1 | $15,041.61 |
| DEPARTMENT OF TREASURY (HACIENDA)<br>Income tax 2016–2023 — 11 U.S.C. § 507(a)(8) — Claim No. 2-1 | $6,926.17 |

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

Check one.

☒ None. If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

**4.6 Post confirmation property insurance coverage**

Check one.

☒ None. If "None" is checked, the rest of § 4.6 need not be completed or reproduced.

---

## PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

Check all that apply.

☐ The sum of __________.
☐ __________ of the total amount of these claims, an estimated payment of __________.
☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan.
☒ If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $0.00.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

Check one.

☒ None. If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Other separately classified nonpriority unsecured claims.**

Check one.

☒ None. If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

---

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

Check one.

☒ None. If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

---

## PART 7: VESTING OF PROPERTY OF THE ESTATE & PLAN DISTRIBUTION ORDER

**7.1 Property of the estate will vest in the Debtor(s) upon**

Check the applicable box:

☒ Plan confirmation.
☐ Entry of discharge.
☐ Other: ____________________________.

**7.2 Plan distribution by the trustee will be in the following order:**

(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – Current contractual installment payments
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – Arrearage payments
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

**PART 8:** NONSTANDARD PLAN PROVISIONS

**8.1 Check "None" or list the nonstandard plan provisions**

☐ None. If "None" is checked, the rest of § 8.1 (Part 8) need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**1. PLAN TERM — 11 U.S.C. § 1322(d)(2)**

The Debtor's current monthly income, as reported on Official Form 122C-1, is below the applicable median family income, and the applicable commitment period is three (3) years. The Debtor requests that, for cause, the Court approve a plan term of sixty (60) months pursuant to 11 U.S.C. § 1322(d)(2), as a longer period is necessary to pay in full the allowed priority claims under Section 4.4 and the arrearage under Section 3.1 with monthly payments the Debtor can sustain.

**2. INCOME TAX REFUNDS**

Income Tax Refunds will be devoted to fund the plan each year as periodic payments to fund the plan until plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without need for further Notice, Hearing or Court Order. If the debtor needs to use a portion of such "tax refunds", the debtor shall seek the Court's authorization prior to using any such funds.

**3. SECURED CLAIM OF POPULAR AUTO, LLC / BANCO POPULAR DE PUERTO RICO — 2022 FORD F-350**

The claim of Popular Auto, LLC (Banco Popular de Puerto Rico, lienholder of record; Claim No. 4-1) secured by the Debtor's 2022 Ford F-350, VIN 1FT8W3DTXNED27958, under the retail installment contract dated July 26, 2024, is treated under Section 3.1 of this plan. The Debtor shall continue to pay directly to the creditor the current contractual monthly installments of $1,388.91, commencing with the installment of October 2026, and the final balloon installment of $32,250.00 due on February 4, 2030, as the last scheduled contractual payment falls due after the final payment under this plan (11 U.S.C. § 1322(b)(5)). The pre-petition arrearage of $8,275.22 stated in Claim No. 4-1 and the post-petition installments corresponding to August and September 2026 ($2,777.82), for a total of $11,053.04, shall be paid by the Trustee through the plan, without interest, in equal monthly installments of $184.22 at distribution level 2 under Section 7.2. The Debtor shall maintain insurance coverage on the vehicle naming the creditor as loss payee throughout the term of the plan. The creditor shall retain its lien on the vehicle until the underlying debt is paid in full under the contract.

**4. SETOFF OF SHARES — COOP DE A/C DE YAUCO**

Pursuant to 11 U.S.C. § 553 and its loan and security agreement (Loan No. 2025050009), Cooperativa de Ahorro y Crédito de Yauco (Yaucoop) is authorized to set off the Debtor's pledged membership shares and deposits of $600.00 (Acct. No. ending 1637) against its claim, with a certified balance of $2,175.87 as of July 30, 2026. Upon application of said setoff the shares shall be deemed surrendered to the Cooperativa in full satisfaction of its lien thereon, as provided in Section 3.5 of this plan, and the remaining balance of the claim, estimated at $1,575.87, shall be treated as a general unsecured claim under Section 5.1. No reaffirmation of the debt is intended or made by this provision.

**5. SHARES — COOPERATIVA DE AHORRO Y CRÉDITO DE RINCÓN**

The Debtor holds membership shares (acciones) of $136.38 (Acct. No. ending 9225) and a member savings account of $6.31 (Acct. No. ending 9234) in Cooperativa de Ahorro y Crédito de Rincón, which are disclosed on Schedule A/B and claimed exempt under 11 U.S.C. § 522(d)(5). Said Cooperativa holds no loan or other claim against the Debtor. The shares and deposits are retained by the Debtor and are not subject to setoff or surrender under this plan; their value has been considered in the liquidation analysis under Section 5.1.

**6. DOMESTIC SUPPORT OBLIGATIONS**

(a) ASUME. The Debtor has one domestic support obligation administered by the Administración para el Sustento de Menores (ASUME), Case No. 0427907, in favor of custodial parent Nanette Velázquez, with a fixed monthly support payment of $132.00. The Debtor shall continue to pay the post-petition monthly support obligation directly to ASUME, outside of the plan, as the same comes due (11 U.S.C. §§ 1325(a)(8), 1328(a)). The pre-petition support arrearage of $15,041.61 stated in Claim No. 7-1 shall be paid in full through the plan by the Trustee under Section 4.4 as a priority claim under 11 U.S.C. § 507(a)(1), without post-petition interest, in the amount allowed in the timely filed proof of claim. To the extent any portion of said arrearage has been assigned to, or is owed directly to, the Commonwealth of Puerto Rico by reason of assistance paid to the custodial parent, such portion shall likewise be paid in full under Section 4.4 and shall not be subject to Section 4.5. (b) Voluntary support. The Debtor also provides support for his two minor children in the custody of Christine I. Alvarado Ramírez under a private agreement between the parents (private school tuition and related expenses), which is not established by court order or administrative determination. Said support is disclosed on Schedule J and will continue to be paid directly by the Debtor outside of the plan; no arrearage is claimed thereunder.

**PART 9:** SIGNATURE(S)

| | | | |
|---|---|---|---|
| /s/ Antoan Figueroa | Date | 10/08/2026 |
| Signature of Attorney for Debtor(s) | | |

| | | |
|---|---|---|
| /s/ CARLOS RUBEN BERMUDEZ GONZALEZ | Date | 10/08/2026 |
| | Date | |

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

**By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.**